1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHAEL MAXWELL,

　　　　　Plaintiff,

　　v.

ROY KAYLOR, et al.,

　　　　　Defendants.

Case No. 19-CV-07832-LHK

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 24

**Note: Plaintiff has requested an accommodation for his visual handicap "that requires larger and bold type fonts." Compl. at 1. The Court will file as an exhibit to the instant order a copy of the order that uses larger type and bold fonts.**

　　　　Plaintiff Michael Maxwell ("Plaintiff") brings the instant lawsuit against Defendants Roy Kaylor, Jr., Cindia Boyle, Amanda Edmondson, and Andrew Pierce. Because Plaintiff failed to serve Edmondson and Boyle, the Court dismissed Boyle and Edmondson from the case on July 15, 2020. ECF No. 58. Before the Court is a motion to dismiss brought by the remaining Defendants, Kaylor and Pierce (collectively, "Defendants"). Having considered the parties' briefs, the relevant law, and the record in this case, the Court GRANTS Defendants' motion to dismiss Plaintiff's property claims without leave to amend, GRANTS Defendants' motion to dismiss Plaintiff's criminal mail fraud and wire fraud claims with prejudice, and GRANTS Defendants' motion to

1

1    dismiss Plaintiff's federal civil Racketeer Influence and Corrupt Organizations Act and state abuse

2    of process claims with leave to amend.

3    I.      **BACKGROUND**

4         A.  **Factual Background**

5              Plaintiff's complaint is over forty pages long and contains a sprawling list of grievances

6    against Defendants.  In addition to the facts alleged in the Complaint, the Court also considers

7    Defendants' two requests for judicial notice of documents from Plaintiff's prior federal and state

8    court litigation, which Plaintiff does not oppose.  ECF Nos. 25 ("RJN"), 51 ("RJN 2d").  A court

9    "may take notice of proceedings in other courts, both within and without the federal judicial

10   system, if those proceedings have a direct relation to matters at issue."  *United States ex rel.*

11   *Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). The

12   Court GRANTS Defendants' requests for judicial notice.  Construing Plaintiff's complaint

13   liberally together with the judicially noticed documents, the Court identifies the following relevant

14   factual background.

15             Plaintiff Michael Maxwell is a resident of California.  ECF No. 1 ("Compl.") ¶ 1.

16   Defendant Roy Kaylor is a resident of Oregon.  Compl. ¶ 2.  Defendant Andrew Pierce is a

17   resident of California and is Kaylor's attorney.  *Id.*

18             The instant case originates with a dispute between Plaintiff and Kaylor over a 153-acre

19   parcel of real property located in Santa Cruz County (the "Santa Cruz property").  Compl ¶ 4(c);

20   *see also* ECF No. 51 ("RJN 2d"), Ex. F at 3.  On November 9, 2011, Kaylor executed a contract

21   titled "Sale of Land and Declaration of Rights in Land," which granted Plaintiff a life estate in the

22   Santa Cruz property as well as certain rights to harvest timber.  Compl. ¶¶ 57–59.  On November

23   17, 2011, Kaylor registered a Uniform Commercial Code ("UCC") Financial Statement with the

24   county recorder that allegedly affirms the property interests granted to Plaintiff.  Compl. ¶¶ 61–65.

25   However, Plaintiff eventually "came to have a reduced personal interest" in associating with

26   Kaylor as a result of a personal dispute.  Compl. ¶ 20(e).

27             On the morning of October 5, 2018, Plaintiff encountered Kaylor in the California Superior

28
     Case No. 19-CV-07832-LHK
     ORDER GRANTING MOTION TO DISMISS

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Court for the County of Santa Cruz Courthouse.  Compl. ¶ 71(a).  Plaintiff alleges that the

2  encounter was "mutual-polite [sic]."  *Id.*  Plaintiff further alleges that on the same day in the

3  afternoon, Defendants "complicitly, conspired, and plotted both unjust reprisals against Maxwell

4  and also first formulated their scheme to makeup new contrived untrue allegations of 'Elder

5  Abuse' and to fraudulently obtain False Findings' against him" based on this encounter.  Compl. ¶

6  72(a).

7       At the beginning of November 2018, Defendants filed an elder abuse charge in Oregon

8  state court, and the Oregon state court issued a restraining order against Plaintiff.  Compl. ¶¶ 73,

9  78.

10      Plaintiff alleges that Defendants formulated a conspiracy to "make-up . . . false allegations

11  of 'elder abuse.'"  Compl. ¶ 74.  Plaintiff suggests that this conspiracy was carried out via mail

12  and wire.  *See* Compl. ¶ 93.

13  **B.  Procedural History**

14      **1.  *Maxwell v. Kaylor,* Case No. 5:18-CV-06121-NC (N.D. Cal. filed Oct. 4, 2018)**

15      On October 4, 2018, Plaintiff, who was represented by counsel, filed a lawsuit in the

16  United States District Court for the Northern District of California against Defendant Kaylor.

17  Plaintiff asserted nine state law claims, including a number of property claims, contract claims,

18  and a claim for abuse of process for Kaylor's pursuit of the "elder abuse" case in Oregon.  RJN,

19  Ex. B at 1–2.

20      On June 4, 2019, the United States Magistrate Judge Nathanael Cousins dismissed the case

21  for lack of subject matter jurisdiction because Plaintiff had failed to substantiate the $75,000

22  amount in controversy requirement for diversity jurisdiction.  RJN, Ex. B at 9.  Plaintiff filed an

23  appeal on June 23, 2019, and the appeal is pending in the Ninth Circuit.  RJN Ex A at 9.

24      **2.  *Cty. of Santa Cruz v. Kaylor*, Case No. CV168369 (Cal. Sup. Ct. filed Aug. 3, 2010)**

25      Meanwhile, in the California Superior Court for the County of Santa Cruz ("state court"),

26  Plaintiff sought to intercede in an action brought by the County of Santa Cruz against Defendant

27  Kaylor in connection with Kaylor's use of the Santa Cruz property.  RJN 2d, Ex. E at 2.  As part

28

3

1   of the state court's disposition of this case, the state court had appointed a receiver to sell the Santa

2   Cruz property, and Plaintiff intervened in order to assert his own rights to the property. *Id.*, Ex. F.

3          On May 15, 2020, at a state court hearing, Plaintiff disclosed to the state court that Plaintiff

4   had reached a settlement with the receiver of the property. RJN 2d, Ex. E at 2. As a result, on the

5   same day, the state court approved the sale of the Santa Cruz property. *Id.*, Ex. F. Specifically,

6   the state court ordered the UCC Financing Statement between Plaintiff and Kaylor, which Kaylor

7   had filed with the county recorder, to be "stripped and removed" from the title of the property, and

8   further ordered that "[a]ny purported life estate, option purchase contract, timber harvesting rights,

9   and/or any other rights that Maxwell may assert based on the Maxwell Lien are hereby

10  terminated." *Id.*, Ex. F ¶ 10. The state court then concluded that the receiver could sell the

11  property "free and clear" of Plaintiff's lien and any other encumbrances. *Id.*, Ex. F ¶ 15.

12         On June 19, 2020, Plaintiff signed the release agreement with the receiver and filed the

13  agreement with the state court. *Id.*, Ex. G. The terms of the release required Plaintiff to deliver a

14  quitclaim deed transferring his property interest in the Santa Cruz property and to release any and

15  all claims on the property in exchange for a payment of $32,000.00. *Id.*, Ex. G at 2. Plaintiff also

16  agreed "not to file any further appeal or contest" the state court order. *Id.*

17         **3.  *Maxwell v. Kaylor*, Case No. 19-CV-07832-LHK (N.D. Cal. filed Nov. 29, 2019)**

18         Plaintiff, proceeding pro se, initiated the instant case on November 29, 2019 by filing a

19  complaint in this Court. *See* Compl. In the complaint, Plaintiff does not enumerate any specific

20  causes of action for which he is seeking relief. *See id.* Instead, Plaintiff largely repeats his

21  allegations about the Santa Cruz property dispute and about the Oregon state court "elder abuse"

22  proceedings, which Plaintiff claims Defendants fraudulently instituted against him. *Id.*

23         On March 23, 2020, Defendants filed a motion to dismiss the instant lawsuit. ECF No. 24

24  ("MTD"). On the same day, Defendants also filed a request for judicial notice in support of their

25  motion to dismiss. *See* RJN. On June 2, 2020, Plaintiff fled an opposition to the motion to

26  dismiss. ECF No. 49 ("Opp'n"). Defendants filed a reply on June 22, 2020. ECF No. 50

27  ("Reply"). On the same day, Defendants also filed a second request for judicial notice in support

28

4

United States District Court
Northern District of California

of their motion to dismiss.  RJN 2d.

On July 2, 2020, the Court vacated the July 30, 2020 hearing on the instant motion pursuant to Civil Local Rule 7-1(b), which allows a motion to be "determined without oral argument" in the judge's discretion.  Due to the pandemic and in the interest of public safety, the Court's general policy has been "to decide law and motion matters on the parties' filings without a hearing."  *See* "COVID19 Special Procedures in Place Through August 31, 2020," *Scheduling Notes*, https://apps.cand.uscourts.gov/CEO/cfd.aspx?7142#Notes.  As a result, the Court has only conducted hearings required by law, such as in criminal cases, or when class members must be given an opportunity to object at a hearing to a proposed settlement of a civil class action lawsuit.  *See, e.g.*, Fed. R. Civ. P. 23(e)(2) (requiring a fairness hearing before approving a class action settlement).

On July 20, 2020, Plaintiff filed a motion for reconsideration of the Court's decision to vacate the hearing.  ECF No. 59.  The Court denied the motion on July 22, 2020.  ECF No. 61.

On July 28, 2020, Plaintiff filed a second motion requesting a hearing.  ECF. No. 62.  As the law does not require any hearing for the instant motion, the Court follows its normal procedure and decides the instant motion on the parties' briefs, the relevant law, and the record in this case without any hearing.  As a result, Plaintiff's second motion requesting a hearing is DENIED as moot.

## II.    LEGAL STANDARD

### A.  Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(1)

A defendant may move to dismiss an action for the lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  "The party asserting federal subject matter jurisdiction bears the burden of proving its existence."  *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  Federal subject matter jurisdiction exists when a case presents diversity of citizenship between the parties or involves a claim arising under federal law.  *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 n.2 (9th Cir. 2002).  Under 28 U.S.C. § 1332(a)(1), federal courts have diversity jurisdiction over civil actions "where the matter in

controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332.  The statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  For the court to have federal question jurisdiction, the complaint must arise under federal law.  28 U.S.C. § 1331.  Generally speaking, "[a] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989).  The party invoking federal subject matter jurisdiction "must allege facts, not mere legal conclusions" to support jurisdictional allegations. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  If the court concludes that it lacks subject matter jurisdiction, then "the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

**B. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6)

6

Case No. 19-CV-07832-LHK
ORDER GRANTING MOTION TO DISMISS

motion into a motion for summary judgment.  *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).  Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).  Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### C. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted).  When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Id.* at 1130 (internal quotation marks omitted).  Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith.  *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).  At the same time, a court is justified in denying leave to amend when a plaintiff "repeated[ly] fail[s] to cure deficiencies by amendments previously allowed."  *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809–10 (9th Cir. 1988).

However, a pro se complaint is "to be liberally construed."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Before dismissing a pro se civil complaint, the plaintiff should be given "notice of the deficiencies in his or her complaint" and be provided "an opportunity to amend the complaint to overcome deficiencies unless it is clear [the deficiencies] cannot be cured by amendment."  *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987).  "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can

Case No. 19-CV-07832-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
Northern District of California

possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit

entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

## III.    DISCUSSION

In the instant motion to dismiss, Defendants raise three different grounds to dismiss

Plaintiff's complaint.  First, Defendants argue that the complaint should be dismissed pursuant to

Rule 12(b)(1) because the Court lacks subject matter jurisdiction.  MTD at 4.  Second, Defendants

argue that the complaint should be dismissed pursuant to Rule 12(b)(6) because Plaintiff "fails to

plead sufficient facts to state a claim upon which relief can be granted."  MTD at 4.  Third,

Defendants argue that because Plaintiff is "litigating multiple cases," the United States Supreme

Court's *Colorado River* doctrine would permit the Court to abstain and dismiss the complaint.

MTD at 7.  The Court addresses each argument for dismissal in turn.

### A.  Dismissal Pursuant to Federal Rule of Civil Procedure Rule 12(b)(1)

As the party asserting federal jurisdiction, Plaintiff bears the burden of establishing that

federal subject matter jurisdiction exists.  *See Chandler*, 598 F.3d at 1122 ("The party asserting

federal subject matter jurisdiction bears the burden of proving its existence.").  Defendants argue

that the Court should dismiss Plaintiff's claims pursuant to Rule 12(b)(1) because Plaintiff has

failed to establish that federal subject matter jurisdiction exists.

In the complaint, the only basis for subject matter jurisdiction asserted by Plaintiff is

federal question jurisdiction pursuant to 28 U.S.C. § 1331.  *See* Compl. ¶¶ 3(a)–(m).  Although

Plaintiff's complaint largely fails to identify which specific causes of action he is asserting in the

instant case, construing Plaintiff's complaint liberally, *see Erickson*, 551 U.S. at 94, the Court

finds that Plaintiff broadly raises two categories of claims: state law property claims (the "property

claims"), *e.g.*, Compl. ¶ 6(b), and fraud claims (the "fraud claims"), including Plaintiff's

allegations of federal wire fraud, mail fraud, and Racketeer Influenced and Corrupt Organization

("RICO") conspiracy claims and a state abuse of process claim, *e.g.*, Compl. ¶¶ 6(c)–6(g).  The

Court finds that the jurisdictional analysis differs as to each of these categories of claims.

Accordingly, the Court will first consider subject matter jurisdiction over the property claims

United States District Court
Northern District of California

8

before turning to the fraud claims.

### 1. Property Claims

In Plaintiff's property claims, Plaintiff asks the Court to enforce the "contract of sale and declaration of rights in lands" between Plaintiff and Defendant Kaylor and to recognize Plaintiff's "ownership rights, prerogatives and interests" in a 153-acre property in Santa Cruz County, for which Plaintiff alleges that he was granted a life estate. Compl. at 4, ¶¶ 5(a), 6(b). The Court finds that Plaintiff has failed to establish subject matter jurisdiction over these claims for two separate reasons, which the Court addresses in turn below.

First, as mentioned above, Plaintiff only invokes federal question jurisdiction as a basis for subject matter jurisdiction in the instant case. *See* Compl. ¶ 3(b). Similarly, in his opposition to the motion to dismiss, Plaintiff reiterates that the ground for finding jurisdiction over the entire case is his "federal cause of action and proper federal claims." Opp'n at 4. However, "[a] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). Plaintiff does not raise any federal questions with respect to his property claims, which appear to raise merely state law issues of UCC contract law and property law. *See* Compl. ¶ 6(b). Claims "relating to the UCC are state law, and fail to present a federal question." *Ross v. Gee Dealer Servs.*, No. 3:19-CV-00391-AC, 2019 WL 2366040, at *2 (D. Or. Mar. 21, 2019). Similarly, "[p]roperty interests are created and defined by state law." *Butner v. United States*, 440 U.S. 48, 55 (1979). The Court finds that the contract and property claims raised by Plaintiff are state law claims that do not present federal questions. Thus, Plaintiff has failed to establish federal subject matter jurisdiction pursuant to federal question jurisdiction under 28 U.S.C. § 1331. *See Hansen*, 891 F.2d at 1386.

Nor does the Court believe that there is any other ground for federal jurisdiction. As Defendants argue, the Court lacks diversity jurisdiction over this case because Plaintiff shares California citizenship with Defendant Pierce. MTD at 4.; *Caterpillar*, 519 U.S. at 68 (explaining that diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant").

Case No. 19-CV-07832-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
Northern District of California

1    Moreover, for the reasons stated in this order, Plaintiff has failed to establish that this

2  Court has original jurisdiction over any claims.  Accordingly, the Court cannot exercise

3  supplemental jurisdiction over any state law claims.  Thus, Plaintiff has failed to establish that the

4  Court may exercise supplemental jurisdiction over the property claims by showing that they arise

5  from a "common nucleus of operative facts" as any claims over which the Court has original

6  jurisdiction.  *See* 28 U.S.C. § 1367; *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1070 (9th Cir.

7  2019) (noting that supplemental jurisdiction over a claim is proper where the claims arise from a

8  "common nucleus of operative facts" as a claim for which the court has jurisdiction).

9    Thus, Plaintiff has failed to meet his burden in establishing the Court's subject matter

10  jurisdiction over his property claims.

11    Second, Plaintiff's property claims appear to be moot as of June 19, 2020, when Plaintiff

12  settled these claims in a signed agreement, as ordered by the state court in a parallel proceeding.

13  Reply at 6 (citing RJN 2d, Ex. G at 2).  "[F]ederal courts have no jurisdiction to hear a case that is

14  moot, that is, where no actual or live controversy exists."  *Cook Inlet Treaty Tribes v. Shalala*, 166

15  F.3d 986, 989 (9th Cir. 1999).  "If there is no longer a possibility that an appellant can obtain relief

16  for his claim, that claim is moot and must be dismissed for lack of jurisdiction."  *Ruvalcaba v. City*

17  *of L.A.*, 167 F.3d 514, 521 (9th Cir. 1999).

18    In this case, there does not appear to be any live controversy surrounding Plaintiff's

19  property interests.  Plaintiff intervened in the state court lawsuit and reached a settlement with the

20  receiver of the property over his rights to the property.  RJN 2d, Ex. E at 2.  Specifically, Plaintiff

21  signed a release to renounce all claims in the disputed property for $32,000, in exchange for which

22  Plaintiff agreed "not to file any further appeal or contest" the state court's order granting the sale

23  of property.  RJN 2d, Ex. G at 1.  The state court allowed the property at issue to be sold to a third

24  party and "removed and stripped" Plaintiff's lien from the title of the property.  RJN 2d, Ex. F ¶

25  10.  The state court also terminated "[a]ny purported life estate, option purchase contract, timber

26  harvesting rights, and/or any other rights that Maxwell may assert."  *Id.*  In light of the state

27  court's order and Plaintiff's June 19, 2020 release, Plaintiff may no longer assert any "ownership

28

Case No. 19-CV-07832-LHK
ORDER GRANTING MOTION TO DISMISS

rights, prerogatives and interests" recorded in the UCC Financial Statement over the property. Compl. at 4.

As a result, it appears that there is "no longer a possibility" that Plaintiff can obtain relief over his "ownership rights, prerogatives and interests." Compl. at 4; *see Ruvalcaba*, 167 F.3d at 521. Thus, even if the Court had subject matter jurisdiction over Plaintiff's property claims, the settlement and release agreement appear to have rendered these claims moot, thereby extinguishing any Article III power that the Court would have had to adjudicate them. *See Cook Inlet Treaty*, 166 F.3d at 989 ("[F]ederal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists.").

Accordingly, the Court GRANTS Defendants' motion to dismiss for the lack of subject matter jurisdiction with respect to Plaintiff's property claims. Furthermore, because Plaintiff has not established subject matter jurisdiction over the property claims, and because such claims are moot in light of the state court's order and Plaintiff's release, any amendment of these claims would be futile. *See Leadsinger*, 512 F.3d at 532. Accordingly, the Court's dismissal of Plaintiff's property claims are without leave to amend. *See, e.g.*, *Deerpoint Grp., Inc. v. Agrigenix, LLC*, 345 F. Supp. 3d 1207, 1227 (E.D. Cal. 2018) (dismissing without leave to amend Plaintiff's claims covered by a prior settlement release).

### 2. Fraud Claims

Plaintiff's complaint also alleges that Defendants engaged in a fraudulent conspiracy, which Plaintiff sporadically asserts without further substantiation to have violated federal wire fraud, mail fraud, and RICO statutes. *See* Compl. ¶¶ 6(b)–7.

Construing Plaintiff's complaint liberally, it appears that Plaintiff alleges that Defendants conspired together to institute false charges of elder abuse against Plaintiff and in at least some instances used mail and wire fraud to effectuate their conspiracy. Defendants argue that there is no federal question jurisdiction over these claims because "[n]one of the elements of any federal law claim is alleged in an intelligible way and there is no allegation of any specific fraud." MTD at 4. The Court agrees that Plaintiff's mere recitation of federal statutes is not enough to create

Case No. 19-CV-07832-LHK
ORDER GRANTING MOTION TO DISMISS

1    federal question jurisdiction.

2        "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized

3    by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v.*

4    *Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).  If a plaintiff attempts to invoke federal

5    question jurisdiction, dismissal for lack of subject matter jurisdiction may be proper if the federal

6    claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise

7    completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a*

8    *Better Env't*, 523 U.S. 83, 89 (1998).  "Absent a substantial federal question," a district court lacks

9    subject matter jurisdiction, and claims that are "wholly insubstantial" or "obviously frivolous" are

10   insufficient to "raise a substantial federal question for jurisdictional purposes." *Shapiro v.*

11   *McManus*, 136 S. Ct. 450, 455-56 (2015).  A plaintiff must present a federal question on the face

12   of a complaint.  *See Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998).  To determine whether the

13   claims in the complaint are substantial enough to give rise to federal subject matter jurisdiction, a

14   court must assume that all of the well-pled factual allegations in the complaint are true.  *See*

15   *Trujillo v. Murrah*, No. 18-cv-01247, 2019 WL 1746055 at *2, (E.D. Cal. Apr. 18, 2019) (citing

16   *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)).

17       Although the Court assumes that all of the factual allegations in Plaintiff's complaint are

18   true, the Court finds that they fail to raise any substantial federal questions as pleaded.  For

19   example, Plaintiff alleges that Defendants violated "Federal Interstate Wire Frauds Act 18 U. S.

20   Code § 1343 and "Interstate Mail Frauds Act U.S. Code § 1341."  Compl. ¶ 3(c).  These statutes

21   are criminal statutes, which do not create a private right of action because only the government

22   can prosecute crimes and enforce criminal laws.  *See, e.g.*, *Allen v. Gold Country Casino*, 464 F.3d

23   1044, 1048 (9th Cir. 2006) (affirming dismissal of criminal causes of action "because these are

24   criminal statutes that do not give rise to civil liability"); *Williams v. Ortega*, No. 3:18-cv-00547-

25   LAB-MDD, 2019 WL 5704684 (S.D. Cal. Nov. 4, 2019) ("Williams argues that falsifying medical

26   records violates California Penal Code sections 132 and 134. . . . [T]hese sections are not privately

27   actionable.").  Because Plaintiff cannot state any claim under these criminal statutes, for which

28

12

1    there is no private right of action, the mere recitation of these federal statutes is insufficient to

2    "raise a substantial federal question for jurisdictional purposes." *Shapiro*, 136 S. Ct. at 455–56.

3    The Court therefore DISMISSES the criminal mail and wire fraud claims with prejudice.

4    Similarly, Plaintiff also alleges that Defendants violated "Civil Racketeer Influence and

5    Corrupt Organizations (RICO) Act 18 US Code § 1961." Compl. ¶ 3(c). "[T]he plaintiff only has

6    standing if, and can only recover to the extent that, he has been injured in his business or property

7    by the conduct constituting the [RICO] violation." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479,

8    496 (1985). To recover under RICO, a plaintiff "must show proof of concrete financial loss" and

9    demonstrate that the "racketeering activity proximately caused the loss." *Guerrero v. Gates*, 442

10   F.3d 697, 707 (9th Cir. 2006) (quoting *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087 (9th

11   Cir. 2002)). In his complaint, Plaintiff seeks "not less than $ 4,000,000" in aggregate for

12   "statutory, exemplary and punitive damages, compensations and restitutions. Compl. ¶ 95.

13   Plaintiff has not, other than mentioning RICO in his complaint, shown with specific facts how he

14   "has been injured in his business or property," *Sedima*, 473 U.S. 479 at 496, or how that injury

15   was "proximately caused" by the fraudulent racketeering activity. *Id.* Therefore, Plaintiff's mere

16   recitation of a RICO claim is also too insubstantial to invoke federal question jurisdiction. *See*,

17   *e.g.*, *Prostitis v. Riverside Superior Family Law Court*, No. 5:20-cv-00026-SVW-KES, 2020 WL

18   3843727, at *5 (C.D. Cal. Apr. 15, 2020) (dismissing claim pursuant to 12(b)(1) because

19   "Plaintiff's claim(s) under RICO are too insubstantial to give rise to federal jurisdiction").

20   Plaintiff also asserts a claim for "abuse of process," but does not contend that this is a

21   federal claim. Defendants clarify that Plaintiff's "abuse of process" claim asserts a tort under

22   California law, *see* MTD at 6 (quoting *Coleman v. Gulf Ins. Grp.*, 41 Cal. 3d 782, 792 (1986)).

23   Plaintiff has failed to establish federal question or diversity jurisdiction over this state law claim.

24   Moreover, because the Court lacks original jurisdiction over any of Plaintiff's claims, the Court

25   cannot exercise supplement jurisdiction over this state law claim.

26   Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's criminal mail

27   and wire fraud claims with prejudice. However, because Plaintiff could amend the complaint to

28   13

Case No. 19-CV-07832-LHK
ORDER GRANTING MOTION TO DISMISS

1   further substantiate his RICO claim, the Court GRANTS Plaintiff leave to amend his RICO claim.

2   *See Leadsinger*, 512 F.3d at 532.  Should Plaintiff elect to amend his complaint, he must cure the

3   deficiencies identified herein or identified in the instant motion to dismiss or the Court will

4   dismiss the RICO claim with prejudice.

5       Because Plaintiff could state a valid civil RICO claim, which would then give the Court

6   the discretion to exercise supplemental jurisdiction over Plaintiff's abuse of process state law

7   claim, the Court GRANTS Defendants' motion to dismiss Plaintiff's abuse of process claim with

8   leave to amend.

9       **B.  Dismissal Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6)**

10      Defendants also move for dismissal of Plaintiff's complaint pursuant to Federal Rule of

11  Civil Procedure 12(b)(6) for failure to state a claim.  Relatedly, Defendants also note that

12  Plaintiff's fraud allegations must be pled with particularity under Federal Rule of Civil Procedure

13  9(b).  MTD at 5.  Because the Court has granted Plaintiff leave to amend his federal civil RICO

14  claim and abuse of process state law claim in order to substantiate the Court's exercise of subject

15  matter jurisdiction, the Court also addresses Defendant's Rule 12(b)(6) arguments in order to aid

16  Plaintiff in the event that Plaintiff decides to amend the complaint.

17      To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain

18  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

19  *Iqbal*, 556 U.S. at 678 (citation omitted).  "Threadbare recitals of the elements of a cause of action,

20  supported by mere conclusory statements, do not suffice."  *Id.*  Put another way, "the non-

21  conclusory 'factual content,' and reasonable inferences from that content, must be plausibly

22  suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d 962,

23  969 (9th Cir. 2009) (citation omitted).

24      In this case, Plaintiff's sole surviving federal claim, his civil RICO claim, is not adequately

25  pleaded because it merely recites the statute without any factual substantiation.  The elements of a

26  civil RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering

27  activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'"

28

14

Case No. 19-CV-07832-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
Northern District of California

1    *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996).  However, Plaintiff's complaint merely

2    recites some of the elements of a RICO claim, e.g., by alleging that Defendants "jointly have been

3    engaging in their common scheme(s) and activities i.e. 'a common enterprise.'"  Compl. ¶ 3(g).

4    "Threadbare recitals of the elements of a cause of action" cannot suffice as a state of claim.  *Iqbal*,

5    556 U.S. at 678.  Moreover, Plaintiff wholly omits other elements of a civil RICO claim, such as a

6    "pattern" or any injury to his "business or property."  *Grimmett*, 75 F.3d at 510.  Given such

7    conclusory allegations, Plaintiff has failed to state a civil RICO claim for relief.  *See*, *e.g.*, *Osgood*

8    *v. Main Street Mktg., LLC*, No. 16CV2415-GPC(BGS), 2017 WL 131829, at *9 (S.D. Cal. Jan.

9    13, 2017) (dismissing pursuant to 12(b)(6) Plaintiff's RICO claim based on wire fraud because the

10   complaint "merely provides conclusory allegations").

11        In addition, to the extent that the predicate acts alleged by Plaintiff are based on fraud,

12   Plaintiff's RICO claim fails to comply with the heightened pleading requirements of Federal Rule

13   of Civil Procedure 9(b).  *See Edwards v. Marin Park. Inc.*, 356 F.3d 1058, 1065–66 (9th Cir.

14   2004) (explaining that Rule 9(b) "applies to civil RICO fraud claims").  Rule 9(b) requires that the

15   fraud be pled "with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P.

16   9.  To satisfy this standard, the allegations must be "specific enough to give defendants notice of

17   the particular misconduct which is alleged to constitute the fraud charged so that they can defend

18   against the charge and not just deny that they have done anything wrong."  *Semegen v. Weidner*,

19   780 F.2d 727, 731 (9th Cir. 1985).  Thus, allegations of fraud must contain "an account of the

20   time, place, and specific content of the false representations as well as the identities of the parties

21   to the misrepresentations."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  In other

22   words, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of

23   the misconduct charged."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)

24   (citation omitted).  The plaintiff must also plead facts explaining why the statement was false

25   when it was made.  *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1549 (9th Cir. 1994) (en

26   banc), *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal*

27   *Pharm. Corp.*, 927 F. Supp. 1297 (C.D. Cal. 1996).  Because Plaintiff has wholly failed to provide

28

Case No. 19-CV-07832-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
Northern District of California

the "what, when, where, and how" of any predicate fraud acts that would support his civil RICO claim, *see Vess*, 317 F.3d at 1106, Plaintiff's RICO claim fails for the additional reason that it does not meet Rule 9(b)'s heightened pleading requirement.

In sum, the Court finds that Plaintiff has failed to state a civil RICO claim in his complaint because he fails to plead the requisite elements of a civil RICO claim and because the allegations are otherwise overly conclusory without sufficient factual substantiation.  Additionally, the Court finds that Plaintiff has failed to comply with Rule 9(b)'s heightened pleading requirement for any predicate acts that are based on fraud, which must allege "'the who, what, when, where, and how' of the misconduct charged," as well as an explanation of why a statement was false.  *See Vess*, 317 F.3d at 1106.  Accordingly, should Plaintiff amend the complaint in order to cure the civil RICO claim and establish federal question jurisdiction, Plaintiff must also cure these pleading deficiencies, or the Court will dismiss the claim with prejudice.

As for the abuse of process claim, "a plaintiff must plead two essential elements: that the defendant (1) entertained an ulterior motive in using the process and (2) committed a wilful act in a wrongful manner."  *Coleman*, 41 Cal. 3d at 792.  The California Supreme Court has held that the use of governmental process in an *authorized* manner is insufficient to establish the second element, even if the defendant acted with bad intentions.  *See id.* ("[P]laintiffs in the present case allege nothing more than the taking of an appeal to which the city was entitled.  They assert no facts to support a finding that the use of process was done in an unauthorized manner, but only that Gulf's motive was improper.").  Plaintiff's complaint provides only a conclusory description of how Defendants "secretly, and also tortuously and criminally concealed by all Co-Defendants . . . to perniciously and fraudulently entrap the very fully innocent Maxwell."  Compl. ¶ 8(e).  Under California law, in order to plead a claim for abuse of process, Plaintiff must plead additional facts that establish Defendant's ulterior motive, as well as the *unauthorized* use of process.  Thus, should Plaintiff choose to amend his abuse of process claim, Plaintiff must cure the deficiencies of this claim by pleading facts (rather than mere conclusory allegations) that satisfy the above two elements, in addition to establishing the Court's subject matter jurisdiction over this

16

United States District Court
Northern District of California

1   state law abuse of process claim as discussed above.

2   **C. Abstention**

3       Finally, in addition to the above grounds for dismissal, Defendants argue that the Court

4   should dismiss the entire case under the *Colorado River* doctrine because Plaintiff has "filed

5   duplicative cases based on the same facts and issues, so permitting the litigation to go forward will

6   lead to piecemeal litigation and inconsistent outcomes." MTD at 9. The Court disagrees that the

7   *Colorado River* doctrine applies in this case.

8       Under the *Colorado River* abstention doctrine, a federal court may abstain from exercising

9   jurisdiction in favor of parallel proceedings where doing so would serve the interests of "[w]ise

10  judicial administration, giving regard to the conservation of judicial resources and comprehensive

11  disposition of litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S.

12  800, 817 (1976) (citation omitted). "Before the *Colorado River* factors can be considered, the

13  threshold question of whether the state and federal actions are 'substantially similar' must be

14  answered." *Sims v. United Parcel Serv., Inc.*, No. 19-CV-07551-RS, 2020 WL 2542622, at *3

15  (N.D. Cal. Jan. 13, 2020). Proceedings are substantially similar if they involve the same parties

16  and seek to vindicate the same rights. *See Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160,

17  1170 (9th Cir. 2017). Abstention pursuant to the *Colorado River* doctrine is appropriate only in

18  "exceptional circumstances," *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002), and if there is

19  "substantial doubt as to whether the state court proceedings will resolve" all issues before the

20  federal court, a stay or dismissal on *Colorado River* grounds is "preclude[d]." *Intel Corp. v.*

21  *Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993).

22      Defendants' invocation of the *Colorado River* doctrine does not sufficiently demonstrate

23  that these cases are substantially similar to this case such that those proceedings "will resolve all

24  issues before" this Court. *See Intel Corp.*, 12 F.3d at 913. Specifically, Defendant's point to a

25  state court case in which Plaintiff has intervened, as well as a prior case in the District Court for

26  the Northern District of California, which is pending appeal in the Ninth Circuit. RJN 2d at 1;

27  MTD at 2. The Court discusses each proceeding in turn below to consider the "threshold question

28
        17

United States District Court
Northern District of California

United States District Court
Northern District of California

1    of whether the [actions] are 'substantially similar.'"  *Sims*, 2020 WL 2542622, at *3.

2        First, the state court proceeding, *County of Santa Cruz v. Kaylor*, is not substantially

3    similar to the present case.  In that case, the County of Santa Cruz brought a nuisance claim

4    against Kaylor for his use of the Santa Cruz property, and Plaintiff intervened to assert his own

5    rights prior to a sale of the property.  *See* RJN 2d, Ex. E at 2.  The state court terminated Plaintiff's

6    rights to property interests in the land but did not resolve the issues surrounding Plaintiff's fraud

7    claims.  *See* RJN 2d, Ex. F ¶ 10.  Plaintiff's fraud claims in the instant case are not at issue in the

8    state court case, for which Plaintiff is solely an intervenor.  As a result, that case fails to satisfy the

9    threshold "substantially similar" inquiry required for abstention under *Colorado River*.

10       Second, Plaintiff's prior federal lawsuit, *Maxwell v. Kaylor*, which is now pending appeal

11   in the Ninth Circuit, is also not substantially similar to the instant lawsuit.  The prior federal

12   lawsuit was dismissed for failing to substantiate the amount in controversy required for diversity

13   jurisdiction, and Plaintiff had not asserted any federal claims in that case.  *See* RJN, Ex. B at 1–2.

14   By contrast, Plaintiff in the present case attempts to assert a federal claim for a civil RICO

15   violation.  *See* Compl. ¶¶ 6(c)–6(g).  Thus, the Court does not find Plaintiff's previous federal case

16   and the instant case "substantially similar" enough to warrant abstention under the *Colorado River*

17   doctrine.  *See, e.g.*, *Sims*, 2020 WL 2542622, at *3.

18       In conclusion, the Court finds that the *Colorado River* abstention doctrine does not apply

19   to the present lawsuit.

20   **IV.    CONCLUSION**

21       For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss as follows:

22   • Plaintiff's property claims are DISMISSED without leave to amend;

23   • Plaintiff's criminal mail and wire fraud claims are DISMISSED with prejudice; and

24   • Plaintiff's federal civil RICO claim and state abuse of process claim are DISMISSED with

25     leave to amend.

26   Plaintiff shall file any amended complaint in accordance with this Order within 30 days.  Plaintiff

27   may not add new claims or parties without stipulation or leave of the Court.  Any amended

28
                                            18

complaint must delete any allegations or claims that the Court dismissed without leave to amend in this Order.  Failure to file an amended complaint within 30 days or failure to cure deficiencies identified herein or identified in the instant motion to dismiss will result in dismissal of the case with prejudice.  The Court understands that Plaintiff has been obtaining free legal advice from Kevin Knestrick, the Federal Pro Se Program attorney in San Jose, and encourages Plaintiff to continue working with Mr. Knestrick to cure the deficiencies identified in this order.

**IT IS SO ORDERED.**

Dated: August 14, 2020

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

United States District Court
Northern District of California

19

Case No. 19-CV-07832-LHK
ORDER GRANTING MOTION TO DISMISS