UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL T. MAXWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>ROY KAYLOR,<br><br>    Defendant. | Case No. 19-CV-07832-LHK<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE** |

**Note: Plaintiff has requested an accommodation for his visual handicap "that requires larger and bold type fonts." Compl. at 1. The Court will file as an exhibit to the instant order a copy of the order that uses larger type and bold fonts.**

Before the Court is Defendant Roy Kaylor's ("Defendant") motion to dismiss Plaintiff Michael Maxwell's ("Plaintiff") First Amended Complaint. ECF No. 71 ("Mot."). Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Defendant's motion to dismiss with prejudice.

### I.  BACKGROUND

#### A. Factual Background

Plaintiff Michael Maxwell is a resident of California. First Amended Complaint. ECF No. 67, at ¶ 12 ("FAC"). Defendant Roy Kaylor is a resident of Oregon. FAC at ¶ 13; Mot. at 2.

The instant case originates from a dispute between Plaintiff and Defendant over a 153-acre parcel of real property located in Santa Cruz County (the "Santa Cruz property"). FAC at ¶ 18. In November of 2011, Defendant executed a contract titled "Sale of Land and Declaration of Rights in Land," which granted Plaintiff a life estate in the Santa Cruz property as well as certain rights to harvest timber. *Id*; ECF No. 67-1, at 1 (Ex. A.). Plaintiff alleges that after the contract was signed, Defendant allowed another party to harvest timber and deprived Plaintiff of the proceeds. *Id.*

Plaintiff further alleges that in October of 2018, Defendant and co-conspirators engaged in a "clever contrivance of false and fraudulent allegations, at meetings and telephone conferences, emails and facsimile transmission, while in the State of California to the State of Oregon, to carry-out false claims of elder abuse as against plaintiff in the Oregon Circuit Court." *Id.* at ¶ 20. Plaintiff alleges that the purpose of this "conspiracy" was to deprive Plaintiff of the benefits of the life estate for the Santa Cruz property by means of a restraining order for elder abuse against Plaintiff. *Id.* at ¶¶ 4, 21.

At the beginning of November 2018, Defendant filed an elder abuse charge in Oregon state court, and the Oregon state court issued a restraining order against Plaintiff. *Id.* at ¶¶ 21–26. The restraining order required Plaintiff to refrain from contacting Defendant or transfer Defendant's property. ECF No. 67-3. The Oregon Circuit Court later retracted the elder abuse order and dismissed the case. *Id.* at ¶ 27. Plaintiff alleges that Defendant sought the restraining order in order to "gain an unjust and fraudulently obtained advantage" over Plaintiff in a dispute over the Santa Cruz property. *Id.* at ¶ 23.

**B. Procedural Background**

    **1.** *Maxwell v. Kaylor,* **Case No. 5:18-CV-06121-NC (N.D. Cal. filed Oct. 4, 2018)**

On October 4, 2018, Plaintiff, who was represented by counsel, filed a lawsuit in the United States District Court for the Northern District of California against Defendant. Plaintiff asserted nine state law claims, including a number of property claims, contract claims, and a claim for abuse of process for Defendant's pursuit of the "elder abuse" case in Oregon. ECF No. 25-2,

2

at 1–2 (Ex. B).

On June 4, 2019, the United States Magistrate Judge Nathanael Cousins dismissed the case for lack of subject matter jurisdiction because Plaintiff had failed to substantiate the $75,000 amount in controversy requirement for diversity jurisdiction. *Id.* 9. Plaintiff filed an appeal on June 23, 2019, and the appeal is pending in the Ninth Circuit. ECF No. 25-1, at 9 (Ex. A).

**2.   *Cty. of Santa Cruz v. Kaylor*, Case No. CV168369 (Cal. Sup. Ct. filed Aug. 3, 2010)**

Meanwhile, in the California Superior Court for the County of Santa Cruz ("state court"), Plaintiff sought to intercede in an action brought by the County of Santa Cruz against Defendant in connection with Defendant's use of the Santa Cruz property. ECF No. 51-1, at 2 (Ex. E). As part of the state court's disposition of this case, the state court had appointed a receiver to sell the Santa Cruz property, and Plaintiff intervened in order to assert his own rights to the property. *Id.*, ECF No. 51-2 (Ex. F).

On May 15, 2020, at a state court hearing, Plaintiff disclosed to the state court that Plaintiff had reached a settlement with the receiver of the property. ECF No. 51-1. As a result, on the same day, the state court approved the sale of the Santa Cruz property. ECF No. 51-2. Specifically, the state court ordered the UCC Financing Statement between Plaintiff and Defendant, which Defendant had filed with the county recorder, to be "stripped and removed" from the title of the property, and further ordered that "[a]ny purported life estate, option purchase contract, timber harvesting rights, and/or any other rights that Maxwell may assert based on the Maxwell Lien are hereby terminated." *Id.* ¶ 10. The state court then concluded that the receiver could sell the property "free and clear" of Plaintiff's lien and any other encumbrances. *Id.* at ¶ 15.

On June 19, 2020, Plaintiff signed the release agreement with the receiver and filed the agreement with the state court. ECF No. 52-3. The terms of the release required Plaintiff to deliver a quitclaim deed transferring his property interest in the Santa Cruz property and to release any and all claims on the property in exchange for a payment of $32,000.00. *Id.* at 2. Plaintiff also agreed "not to file any further appeal or contest" the state court order. *Id.*

**3.   *Maxwell v. Kaylor*, Case No. 19-CV-07832-LHK (N.D. Cal. filed Nov. 29, 2019)**

Plaintiff, proceeding pro se, initiated the instant case on November 29, 2019 by filing a complaint in this Court. *See* ECF No. 1 ("Compl."). In the complaint, Plaintiff did not enumerate any specific causes of action for which he sought relief. *See id.* Instead, Plaintiff largely repeated his allegations about the Santa Cruz property dispute and about the Oregon state court "elder abuse" proceedings, which Plaintiff claimed Defendants Kaylor, Cindia Boyle, Amanda Edmondson, and Andrew Pierce fraudulently instituted against him. *Id.*

On March 23, 2020, Defendants filed a motion to dismiss the complaint. ECF No. 24. On June 2, 2020, Plaintiff filed an opposition to the motion to dismiss. ECF No. 49. Defendants filed a reply on June 22, 2020. ECF No. 50.

On August 14, 2020, the Court granted Defendants' motion to dismiss. ECF No. 64. Specifically, the Court (1) dismissed Plaintiff's property claims without leave to amend; (2) dismissed Plaintiff's criminal mail and wire fraud claims with prejudice; and (3) dismissed Plaintiff's federal civil RICO claim and state abuse of process claim with leave to amend. *Id.* at 18.

On September 14, 2020, Plaintiff filed a First Amended Complaint against Defendant Kaylor and Does 1-100. ECF No. 67 ("FAC"). Plaintiff's First Amended Complaint alleges causes of action for (1) violation of the Racketeer Influence and Corrupt Organizations Act ("Civil RICO"), 18 U.S.C. § 1961; (2) abuse of process; and (3) malicious prosecution. *Id.* at ¶¶ 28–53. On October 8, 2020, Defendant filed a motion to dismiss Plaintiff's First Amended Complaint. ECF No. 71. On the same day, Defendant filed a request for judicial notice. ECF No. 72. On October 22, 2020, Plaintiff filed an opposition. ECF No. 77. On October 29, 2020, Defendant filed a reply. ECF No. 78.

**C. Request for Judicial Notice**

In connection with Defendant's motion to dismiss, Defendant requests judicial notice of two documents: (1) "Order for Appointment of William James Rahal as Receiver" from the Santa Cruz Superior Court; and (2) "Order Denying Michael Maxwell's Motion for Reconsideration of Motion to Intervene" from the Santa Cruz Superior Court. ECF No. 72, at 2 ("RJN"). Plaintiff

4
Case No. 19-CV-07832-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

does not oppose this request.

The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Moreover, courts may consider materials referenced in the complaint under the incorporation by reference doctrine, even if plaintiff failed to attach those materials to the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Public records, including judgments and other publicly filed documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Counsel v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). However, to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, the Court will not take judicial notice of those facts. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

As proceedings in other courts and matters of public record, the Court finds that Defendant's documents are the proper subject of judicial notice. The Court therefore GRANTS Defendant's request for judicial notice.

## II.   LEGAL STANDARD

### A. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

5

556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B. Leave to Amend**

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532

(9th Cir. 2008).

## III. DISCUSSION

In the instant motion to dismiss, Defendant first argues that the Court should dismiss Plaintiff's civil RICO and abuse of process claims pursuant to Rule 12(b)(6) because Plaintiff has failed to cure the deficiencies that the Court identified in its previous order granting Defendant's motion to dismiss. Second, Defendant argues that the Court should dismiss Plaintiff's new claim for malicious prosecution because it is unauthorized. The Court discusses each in turn.

### A. Plaintiff has Failed to State a Civil RICO Claim

The Court previously dismissed Plaintiff's civil RICO claim with leave to amend for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and because Plaintiff's mere mention of a RICO claim in his complaint was insufficient under Federal Rule of Civil Procedure 12(b)(1) to give rise to federal question jurisdiction. ECF No. 64, at 13, 15. Specifically, the Court first explained that "Plaintiff wholly omits . . . elements of a civil RICO claim, such as a 'pattern' or any injury to his 'business or property.'" *Id.* at 15 (quoting *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996)). Second, the Court explained that "to the extent that the predicate acts alleged by Plaintiff are based on fraud, Plaintiff's RICO claim fails to comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)," which "requires that the fraud be pled 'with particularly [as to] the circumstances constituting fraud or mistake.'" *Id.* at 15 (quoting Fed. R. Civ. P. 9) (modified added). Defendant now argues that Plaintiff's civil RICO claim should be dismissed because Plaintiff has failed to state a claim in the First Amended Complaint. Mot. at 3–5.

The Court finds that Plaintiff has failed to state a civil RICO claim for at least two reasons. First, Plaintiff has failed to adequately plead all of the elements of a civil RICO claim. The elements of a civil RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmett*, 75 F.3d at 510  The Court previously explained that Plaintiff's complaint omitted any allegation that Defendant's conduct caused injury to Plaintiff's "business or

property." ECF No. 64, at 15; *Grimmett*, 75 F.3d at 510.

Plaintiff's argument in the First Amended Complaint with respect to any alleged harm to Plaintiff's business or property is unclear. Plaintiff argues that Defendant conspired to fraudulently obtain an elder abuse restraining order against Plaintiff. FAC at ¶¶ 31–32. Plaintiff states that "[a]s a result of said actions, plaintiff Maxwell suffered discrete losses of a significant nature, including loss of timber harvest income from the 153 acre parcel of land in excess of $75,000." *Id.* at ¶ 39. However, Plaintiff alleges that Defendant diverted $75,000 in timber proceeds from Plaintiff in 2011, *Id.* at ¶ 18, but Defendant sought the elder abuse restraining order against Plaintiff in 2018. *Id.* at ¶ 22. It is therefore not possible that the elder abuse restraining order could have caused Plaintiff to lose $75,000 in timber harvest income in 2011, which was seven years before the restraining order was sought.

Plaintiff also appears to argue that the elder abuse restraining order was sought to help Defendant gain advantage in his dispute with Plaintiff over the Santa Cruz property. *Id.* at ¶ 23. However, Plaintiff released any and all claims on the Santa Cruz property in exchange for a payment of $32,000.00 pursuant to the California Superior Court lawsuit on June 19, 2020. *See* ECF No. 51-3, at 2. Plaintiff also agreed "not to file any further appeal or contest" the state court order. *Id.* Plaintiff has therefore failed establish how the elder abuse restraining order caused Plaintiff harm as to his rights in the Santa Cruz property. Accordingly, Plaintiff has failed to plead an injury to Plaintiff's "business or property," which is a necessary element to state a civil RICO claim. *Grimmett*, 75 F.3d at 510.

Second, Plaintiff's civil RICO claim must comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) because the predicate acts alleged by Plaintiff to support his civil RICO claim are based on fraud. *See Edwards v. Marin Park. Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004) (explaining that Rule 9(b) "applies to civil RICO fraud claims"). Rule 9(b) requires that the fraud be pled "with particularity [as to] the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9. To satisfy this heightened standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which

is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, allegations of fraud must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). In other words, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). The plaintiff must also plead facts explaining why the statements were false when made. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1549 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F. Supp. 1297 (C.D. Cal. 1996).

The Court finds that Plaintiff has failed to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Plaintiff appears to list twenty-one predicate acts (what Plaintiff labels "Counts"). FAC at ¶ 29. However, each is only a vague allegation of fraudulent misconduct, such as "Fraudulently Inducing the Oregon Circuit Court to Issue 'Findings of Elder Abuse' against Plaintiff Maxwell" or "Fraudulently Concealing the Issuance of the Oregon Circuit Court Order." *Id.* These allegations lack "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations," which are required under the heightened pleading standard of Rule 9(b). *Swartz*, 476 F.3d at 764. Moreover, Plaintiff fails to allege the falsity of Defendant's statements to both the Oregon Circuit Court and the Santa Cruz County Superior Court, which Plaintiff is required to do in order to state a claim. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1549.

In sum, the Court finds that Plaintiff has failed to state a civil RICO claim in his First Amended Complaint because Plaintiff has failed to adequately plead the requisite elements of a civil RICO claim. Moreover, Plaintiff has failed to comply with Rule 9(b)'s heightened pleading requirement for any predicate acts that are based on fraud. Accordingly, Plaintiff has failed to state a Civil RICO claim against Defendant.

1    The remaining question is whether Plaintiff's civil RICO claim should be dismissed with
2    prejudice or leave to amend.  Dismissal with prejudice is warranted when amendment would be
3    futile, unduly prejudice the opposing party, cause undue delay, or if the plaintiff has acted in bad
4    faith.  *See Leadsinger*, 512 F.3d at 532.  The Court's prior order warned Plaintiff that failure to
5    cure these same deficiencies would result in dismissal of Plaintiff's RICO claim with prejudice.
6    ECF No. 64, at 16.  Plaintiff's failure to cure these deficiencies demonstrates that further leave to
7    amend would be futile.  Furthermore, requiring Defendant to file a third motion to dismiss would
8    unduly prejudice Defendant.  Thus, the Court concludes that amendment would be futile and
9    would unduly prejudice Dependent.  Accordingly, the Court GRANTS Defendant's motion to
10   dismiss Plaintiff's civil RICO claim with prejudice.

### B. Plaintiff has Failed to State a Claim for Abuse of Process

The Court previously dismissed Plaintiff's abuse of process claim with leave to amend for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 64, at 16.  The Court explained that Plaintiff's complaint contained only a conclusory description of how Defendant used the court system to, as Plaintiff alleged, "perniciously and fraudulently entrap the very fully innocent Maxwell."  ECF No. 64, at 16 (quoting Compl. ¶ 8(e)).  The Court further explained that under California law, in order to state a claim for abuse of process, Plaintiff must plead facts that establish Defendant's ulterior motive, as well as the unauthorized use of process. The Court warned Plaintiff that failure to fix this deficiency would result in dismissal of his abuse of process claim with prejudice.  *Id.* at 16.  Defendant now alleges that Plaintiff's First Amended Complaint fails to state a claim for abuse of process.

To state a claim for abuse of process, "a plaintiff must plead two essential elements: that the defendant (1) entertained an ulterior motive in using the process and (2) committed a willful act in a wrongful manner."  *Coleman v. Gulf Ins. Grp.*, 41 Cal. 3d 782, 792 (1986).  The California Supreme Court has clarified that the use of governmental process in an authorized manner is insufficient to establish the second element, even if the defendant acted with bad intentions.  *See id.* ("[P]laintiffs in the present case allege nothing more than the taking of an appeal to which the

city was entitled. They assert no facts to support a finding that the use of process was done in an unauthorized manner, but only that Gulf's motive was improper.").

Plaintiff's First Amended Complaint now states that "By the acts, facts and events of conspiring with Andrew Pierce, Amanda Edmundson and Cindia Boyle to file perjurious claims in the Oregon Circuit Court for elder abuse with the intention of securing an order related to a real property title claim, defendant Kaylor intentionally used the elder abuse retraining [sic] order procedures for an improper purpose and unjust result." FAC at ¶ 44. As Defendant points out, Plaintiff does not explain how Defendant engaged in an unauthorized use of process, just that Defendant's motive was improper. Mot. at 5. Plaintiff does not allege that Defendant was unauthorized to file an elder abuse claim or seek a restraining order. Plaintiff only alleges that Defendant sought a restraining order for an ulterior motive. Allegations of an improper motive are insufficient to state a claim for abuse of process under California law, and Plaintiff must plead "facts to support a finding that the use of process was done in an unauthorized manner." *Coleman*, 41 Cal. 3d at 792. Plaintiff has failed to allege any such facts here.

Accordingly, Plaintiff has failed to state a claim for abuse of process. The Court previously identified the same deficiency with Plaintiff's abuse of process claim and warned Plaintiff that failure to cure this deficiency would result in dismissal of Plaintiff's abuse of process claim with prejudice. ECF No. 64, at 16. Because Plaintiff has failed to cure the deficiency, leave to amend would be futile. Further, requiring Defendant to file a third motion to dismiss would unduly prejudice Defendant. Dismissal with prejudice is warranted because amendment would be futile and would unduly prejudice Defendant. *See Leadsinger*, 512 F.3d at 532. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's abuse of process claim with prejudice.

**C. Plaintiff did not Receive Permission to Add a Malicious Prosecution Claim**

Plaintiff has also added a new cause of action for malicious prosecution. FAC at ¶ 47. Plaintiff alleges that Defendant conspired to "maliciously bring the elder abuse case against plaintiff Maxwell in the Oregon Circuit Court." *Id.* at ¶ 48.

When the Court previously granted Defendant's motion to dismiss, the Court stated that

11

1  "Plaintiff may not add new claims or parties without stipulation or leave of the Court."  ECF No.
2  64 at 18.  The parties have not stipulated to add a malicious prosecution claim.  Plaintiff has not
3  moved for leave of the Court to add this claim.  Nor has the Court provided leave to add this
4  claim.  Thus, Plaintiff's assertion of a malicious prosecution claim violates the Court's prior order.

Furthermore, leave to amend would be futile.  In California, "in order to establish a cause of action for malicious prosecution of either a criminal or civil proceeding, a plaintiff must demonstrate that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor, (2) was brought without probable cause; and (3) was initiated with malice."  *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 871 (1989) (internal quotation marks and citations omitted).  Defendant brought an elder abuse claim against Plaintiff, and the Oregon Circuit Court issued a restraining order against Plaintiff.  The case was later dismissed.  However, Plaintiff has provided no allegations that demonstrate that the elder abuse case was brought without probable cause.  Rather, Plaintiff only argues that the primary purpose of the elder abuse case was to advantage Defendant in a property dispute with Plaintiff.  FAC at ¶ 51.  Plaintiff has already amended the complaint once and yet has failed to allege any facts to support a finding that the elder abuse case was brought without probable cause.  The Court therefore finds that amendment would be futile.  *See Leadsinger*, 512 F.3d at 532; *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097 (9th Cir. 2002) ("Leave to amend need not be granted when an amendment would be futile.").  Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's malicious prosecution claim with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss with prejudice.

**IT IS SO ORDERED.**

Dated: March 22, 2021

*Lucy H. Koh*

LUCY H. KOH
United States District Judge