UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL T. MAXWELL,<br><br>       Plaintiff,<br><br>       v.<br><br>ROY KAYLOR,<br><br>       Defendant. | Case No. 19-CV-07832-LHK<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CORRECTIVE ORDERS AND MOTION TO ALTER OR AMEND THE JUDGMENT** |

**Note: Plaintiff has requested an accommodation for his visual handicap "that requires larger and bold type fonts." Compl. at 1. The Court will file as an exhibit to the instant order a copy of the order that uses larger type and bold fonts.**

Before the Court are two motions filed by Plaintiff Michael Maxwell ("Plaintiff"): (1) a motion for corrective orders, and (2) a motion to alter or amend the judgment. ECF Nos. 99, 109. For the reasons explained below, the Court denies both motions.

On March 22, 2021, the Court dismissed Plaintiff's claims with prejudice and entered judgment in favor of Defendant Roy Kaylor. ECF Nos. 92, 93. On April 13, 2021, after judgment had been entered, Plaintiff filed a motion for corrective orders requesting that the Court issue orders requiring Defendant to comply with the Federal Rules of Evidence and Federal Rules of Civil Procedure. ECF No. 99. On April 21, 2021, Plaintiff filed a notice of appeal to the Ninth

1

Case No. 19-CV-07832-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR CORRECTIVE ORDERS AND MOTION TO ALTER OR AMEND THE JUDGMENT

Circuit. ECF No. 107. On April 26, 2021, Plaintiff filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 109. On May 10, 2021, Defendant filed an opposition. ECF No. 110. The Court first addresses Plaintiff's motion to alter or amend the judgment. The Court then turns to Plaintiff's motion for corrective orders.

First, Plaintiff filed a notice of appeal prior to filing a motion to alter or amend the judgment. ECF No. 107. Where a plaintiff has filed a notice of appeal, a "rule 59(e) motion to alter or amend the judgment effectively revives the district court's jurisdiction." *Tinsley v. Borg*, 895 F.2d 520, 523 (9th Cir. 1990); *Tripati v. Henman*, 845 F.2d 205, 206 (9th Cir. 1988) (same). Thus, if Plaintiff filed a timely motion to alter or amend the judgment, the Court would have jurisdiction to consider that motion despite Plaintiff's notice of appeal. *Id.*

However, Plaintiff has not filed a timely motion to alter or amend the judgment. Under Federal Rule of Civil Procedure 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. Pro. 59(e). The Court entered judgment in this case on March 22, 2021. ECF No. 93. Accordingly, Plaintiff was required to file any motion to alter or amend the judgment by April 19, 2021. Plaintiff did not file a motion to alter or amend the judgment until April 26, 2021. ECF No. 109. Under Federal Rule of Civil Procedure 6(b)(2), "[a] court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." Fed. R. Civ. Pro. 6(b)(2). Thus, Plaintiff's motion under Rule 59(e) is untimely and must be denied. *See* Fed. R. Civ. Pro 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Accordingly, the Court DENIES Plaintiff's motion to alter or amend the judgment as untimely.

Second, Plaintiff's motion for corrective orders requests that the Court issue various orders requiring Defendant to comply with the Federal Rules of Civil Procedure and the Federal Rules of Evidence. ECF No. 99. Plaintiff's claims have been dismissed with prejudice and judgment has been entered. ECF Nos. 92, 92. Moreover, Plaintiff has filed a notice of appeal to the Ninth Circuit. ECF No. 107. A notice of appeal generally "confers jurisdiction on the court of appeals

2

Case No. 19-CV-07832-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR CORRECTIVE ORDERS AND MOTION TO ALTER OR AMEND THE JUDGMENT

1   and divests the district court of its control over those aspects of the case involved in the appeal."

2   *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  The Court therefore lacks

3   jurisdiction to grant Plaintiff's requested relief.  *Id.*  As such, the Court DENIES Plaintiff's motion

4   for corrective orders.

5         In sum, the Court DENIES Plaintiff's motion for corrective orders and Plaintiff's motion

6   to alter or amend the judgment.

7   **IT IS SO ORDERED.**

8   Dated: August 13, 2021

9         *Lucy H. Koh*

10        LUCY H. KOH
    United States District Judge